UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ZACHARY TAYLOR,

        Plaintiff,                                    Case No. 15-cv-11606

v                                                        Honorable Thomas L. Ludington

EDWARD G. MARSHALL,

        Defendant.

_____/

**ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Plaintiff Zachary Taylor, a state inmate incarcerated at the Macomb Correctional Facility, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I.**

Plaintiff is incarcerated as a result of his 2014 St. Clair Circuit Court convictions for distributing obscene matter to a minor and six counts of first-degree criminal sexual conduct. Plaintiff claims that Defendant, his defense counsel at his criminal trial, committed ineffective assistance of counsel, resulting in his erroneous conviction. The complaint seeks $250,000 in damages.

**II.**

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section

1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, Defendant was not acting under

color of state law in acting as Plaintiff's attorney. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

To the extent that Plaintiff claims that his conviction is invalid because he received ineffective assistance of counsel, he also fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert a claim that he was deprived of his right to the effective assistance of counsel, he must do so by filing a motion for habeas corpus.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED** because any appeal would be frivolous and not taken in good faith pursuant 28 U.S.C. § 1915(a)(3).

                                                                 s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge

Dated: May 27, 2015

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Zachary Taylor #597646, Macomb Correctional Facility, 342625 26 Mile Road, New Haven, MI 48048 on May 27, 2015.

                                        s/Karri Sandusky
                                      Karri Sandusky, Acting Case Manager